On both parties’ Appeal.
The Secretary of the Treasury refers conflicting claims upon a fund in the Treasury. There is no controversy on the part of the Government, the questions involved relating simply to the distribution of the fund. It consists of two elements; of the 10 per cent reserved *615 from monthly payments due to the contractor; of the 10 per cent reserved frommonthly payments due to the surety, who completed the building after the contractor had failed. The surety seeks to recover both; the adverse claimant, a hank, seeks to recover the former, under an arrangement between it and the Secretary of the Treasury and the contractor, upon the faith of which it advanced funds for the erection of the building.
1. A bank which advances funds for the erection of a public building upon the faith of an arrangement with the Secretary of the Treasury and the builder that it shall receive the 10 per cent reserved from monthly payments acquires no right or equity which can be recognized by this court, although all claims upon the 10 per cent fund are referred to the court by the Secretary under Revised Statutes § 1063; and the parties are brought before it by proceedings in the nature of interpleader.
3. The surety of a defaulting contractor who completes the work in the name of his principal may bring a suit in his own name against the other party to the contract for a balance earned by and remaining due to his principal.
5. No force or effect can be given in law or equity to contracts declared by statute to be absolutely void.
6. One of the objects of the Revised Statutes § 3477 was to protect the Government from liabilities to persons other than those with whom it has contract relations.
7. A loan made to a builder, to enable him to carry out a building contract, upon the assurance that he shall be paid out of a specific portion of the proceeds of the work, is a simple contract debt, giving the lender no lien which can be enforced in equity.
The decision of the court below is affirmed on the same grounds.